## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-63788 |
| DEMEATRIA LATREASE POWELL | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | / | |
| | ) | |
| ALONZO Q. HILL | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| v. | ) | |
| | ) | NO. 19-05020-PWB |
| DEMEATRIA LATREASE POWELL | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### FIRST AMENDED AND RESTATED COMPLAINT
### TO OBJECT TO THE DISCHARGEABILITY OF CERTAIN DEBTS

COMES NOW, Alonzo Q. Hill ("Plaintiff"), and for his Complaint to Object to Debtor's Discharge and the Dischargeability of Certain Debts (the "Complaint"), against Demeatria Latrease Powell ("Debtor"), shows the Court as follows:

### JURISDICTION AND VENUE

1.    This Adversary Proceeding is being brought in connection with Debtor's case under Chapter 7 of Title 11, Case Number 18-63788 now pending in this Court.  This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.    This Adversary Proceeding constitutes a core proceeding as that term is defined under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 157(b)(2)(J).  Plaintiff agrees to the entry of Final Judgment in this proceeding by the Bankruptcy Court.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4.      This FIRST AMENDED COMPLAINT is filed and served pursuant to the Court's Order dated September 25, 2019 (Doc. No. 7) requiring an amended complaint to be filed within 30 days.

## PARTIES

5.      Plaintiff Alonzo Q. Hill is a natural person and resident of the state of Georgia.

6.      Debtor Demeatria Latrease Powell is a natural person and resident of the state of Georgia.

## DEBTOR'S INDEBTEDNESS TO PLANTIFF

7.      Debtor filed a Chapter 13 bankruptcy petition on August 6, 2018.  The Court converted the case to one under Chapter 7 on November 5, 2018.

8.      Prior to the commencement of this case, Plaintiff had obtained (on July 26, 2017) a judgment against Debtor and her husband in the amount of $35,000.00, plus post-judgment interest in Rockdale County State Court (the "Judgment").  Plaintiff attaches a copy of the Judgment hereto as *Exhibit A.*

9.      On or about September 20, 2015, Plaintiff entered into an agreement (the "Agreement") with Debtor and her husband (collectively referred to as the "Powells") to purchase from Plaintiff a business known as Regency Barber & Salon.

10.     The Agreement required a deposit of $1,000.00, which the Powells paid to Plaintiff.

11.     The remaining balance due was $19,000.00 which was to be paid at the closing of

the sale, within 60 days after execution of the Agreement.

12.    On or about October 5, 2019, the parties to the Agreement amended it to allow the Powells to defer their entire $19,000.00 balance until after they had acquired the business and started operating under its name.

13.    In reliance on the Powells' promise to pay him on or before November 20, 2015, Plaintiff agreed to the amendment and Plaintiff began to allow the Powells to assume ownership of the business.

14.    He allowed them to take possession of the leased premises, while the $19,000 remained due and payable.

15.    He allowed them to change the cosmetology license to Mr. Powell's name. while the $19,000 remained due and payable.

16.    Debtor and her husband induced Plaintiff to allow the expedited transfer of the business in return for the promise of money to be paid by November 20, 2015.

17.    On information and belief, Debtor never actually intended to pay any further money to Plaintiff, and Debtor knew this when she amended the Agreement to allow for a payment after closing.

18.    Debtor and her husband never made a single payment toward the balance due.

19.    On the day following the November 20 due date, Plaintiff entered the premises to inquire about full payment.    Debtor's husband refused to pay anything and instead told the Plaintiff to take him to court.

20.    Plaintiff did take the Powells to court in Rockdale County State Court, asserting fraud, promissory estoppel, and breach of contract, and won the Judgment after a jury trial.

21.    The Complaint in the Rockdale County case expressly states that the Powells

"fraudulently entered into the two agreements with no intention of ever making a payment beyond the ONE THOUSAND DOLLAR ($1,000.00) deposit on October 5, 2015."

22.     The Judgment does not specify as to whether the $35,000.00 award was based on breach of contract or fraud claims.

23.     Plaintiff claims that the Agreement, as amended, constitutes an obligation that Debtor never intended to satisfy.

24.     Debtor's failure to pay even one penny to Plaintiff and their bold response to "take us to court" demonstrates that her failure was not based upon lack of funds, but rather upon a calculated and intentional scheme to defraud Plaintiff.

25.     The trial judge, after hearing the evidence as presented to the jury, summarized to Debtor that "legally what you have done is steal the business. That is my legal opinion." [Trial Transcript at page 124]

## CAUSES OF ACTION AND RELIEF REQUESTED

### COUNT I
### COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
### PURSUANT TO 11 U.S.C. § 523(a)(4)

26.     Plaintiff re-alleges and incorporates by reference the facts and allegations contained in the paragraphs above as if the same were fully set forth herein.

27.     Debtor caused willful and malicious injury to Plaintiff within the definition of non-dischargeability of debts contained in 11 U.S.C. § 523(a)(4).

28.     Debtor's decision not to repay any funds due to Plaintiff was intentional and calculated to injure Plaintiff by leaving him without his business and with only $1,000 of the purchase money due to him from its sale.

29.     Debtor's debt to Plaintiff is therefore nondischargeable pursuant to 11 USC § 523(a)(4).

## COUNT II
### ACTION TO DENY DISCHARGEABILITY OF PLAINTIFF'S DEBT
### PURSUANT TO 11 U.S.C. § 523(a)(2)(A)

30.     Plaintiff re-alleges and incorporates by reference the allegations contained in the Paragraphs above as if the same were fully set forth herein.

31.     Debtor engaged in actual fraud and made false representations under § 523(a)(2)(A) of the Bankruptcy Code.

32.     Pursuant to 11 USC § 523(a)(2)(A), this Court should deny the dischargeability of Debtor's judgment debt to Plaintiff.

33.     Plaintiff is entitled to recover punitive and exemplary damages because Debtor's actions show willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to the consequences.

34.     Debtor has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary trouble and expense. Accordingly, Plaintiff is entitled to recover against Debtor all costs and expenses of litigation, including reasonable attorneys' fees pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff prays that this Court enter:

1. As to Count I, enter judgment determining that the Debtor is not entitled to a discharge of the judgment debt or lien under 11 U.S.C. § 523(a)(4);

2. As to Count II, enter judgment determining that the Debtor is not entitled to a discharge of the judgment debt or lien under 11 U.S.C. § 523(a)(2)(A);

3. Enter judgment against the Debtor for punitive and exemplary damages, as well as attorney's fees and other charges or such other amounts to be shown at trial;

4. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this **23** day of October, 2019

By:_____
    Alonzo Q. Hill, Plaintiff

Certificate of Service:

I certify that I have mailed a copy of this Amended Complaint to the following counsel for Debtor:

Alaina C. Joseph, Esq.
King & King Law Firm
215 Pryor Street SW
Atlanta, GA 30303

Demeatria L. Powell
1581 Sugar Plum Dr.
Conyers, GA 30094

By:_____
    Alonzo Q. Hill, Plaintiff

# IN THE STATE COURT OF ROCKDALE COUNTY
## STATE OF GEORGIA

Alonzo Q Hill, Plaintiff(s)

vs.

Darnell Powell, Demeatria Powell,
Defendant(s)

CIVIL ACTION   2016-SV-1266
FILE NO:

## JUDGMENT

The above-styled civil action having come before this court for a trial by jury and

the jury having returned a verdict for plaintiff Alonzo Q. Hill and against the defendants,

Darnell Powell and Demeatria Powell.

**IT IS HEREBY ORDERED** that a JUDGMENT shall be and is entered for plaintiff

Alonzo Q. Hill and against defendants, Darnell Powell and Demeatria Powell, in the sum

of $35,000.00

SO ORDERED this 26 day of ___July___, 20 17.

Nancy N. Bills
Judge, State Court,
Rockdale Judicial Circuit

Cc:
Alonzo Q Hill
Darnell Powell